**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Timothy David WILSON, Defendant–Appellant.**

**No. 03–1106.**

United States Court of Appeals, Sixth Circuit.

April 6, 2004.

Before SILER, MOORE, and SUTTON, Circuit Judges.

PER CURIAM.

Defendant Timothy David Wilson appeals his sentence upon convictions of possession with intent to distribute marijuana and possession of firearms. Wilson claims that the district court erred in its application of the United States Sentencing Guidelines. We **AFFIRM**.

## BACKGROUND

In 2002, Eduardo Romero was arrested in Missouri operating a pickup truck carrying 168 pounds[1] of marijuana. The marijuana, like nineteen loads before it, was bound for Michigan to be delivered to Ricky Lee Newton. During Romero's latest fourteen or fifteen trips, he unloaded the marijuana inside a pole barn adjacent to Wilson's residence. Romero cooperated with law enforcement authorities and made a controlled marijuana delivery to Wilson's barn. Romero pulled the truck inside the barn and, as he was unloading the marijuana, Wilson arrived and helped him place the marijuana into plastic garbage bags. Newton arrived later and helped Wilson load the marijuana into Newton's truck. Federal agents arrested them and seized additional marijuana. firearms, and a drug ledger from Wilson's residence. Wilson gave a post-*Miranda*[2] statement in which he admitted that Romero and Newton had used his barn to transfer marijuana on three occasions. Wilson received $2,000 for each use.

Wilson was indicted for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count 1"); possession with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count 2"); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) ("Count 3"). At the conclusion of the jury trial, Wilson was acquitted of Count 1 but convicted of Counts 2 and 3. As to Count 2, the jury specified that Wilson was accountable for "50 kilograms to less than 100 kilograms of marijuana." Pursuant to 21 U.S.C. § 851, a penalty enhancement information was filed before trial noticing Wilson's prior felony drug conviction. At the sentencing hearing, the district court found by a preponderance of the evidence that Wilson was personally responsible for at least 700 but less than 1,000 kilograms of marijuana. Wilson's base offense level of 30 was enhanced by two levels for possession of firearms, for a total offense level of 32. With a criminal history category of II, he was sentenced to 168 months for Count 2 and 120 months for Count 3, to run concurrently.

## DISCUSSION

■ Wilson first argues that the district court erred in sentencing him for such a large drug quantity because he was acquitted of conspiracy. Wilson has a previous conviction for felony delivery of a controlled substance, and marijuana is a Schedule I controlled substance. *See United States v. Campbell,* 317 F.3d 597, 602 (6th Cir.2003) (citing 21 U.S.C.

---

1. Approximately 76.36 kilograms.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

§ 812(c)). Although Wilson could have been sentenced to thirty-years' imprisonment, *see* 21 U.S.C. § 841(b)(1)(C), he only received a fourteen-year sentence. In addition, the district court only held Wilson accountable for his own acts, not those of his co-conspirators. *See* USSG § 1B1.3(a)(1)(A). "When calculating the drug quantit[y] attributable to a defendant as relevant conduct under the [USSG], the district court's findings must be supported by a preponderance of the evidence." *United States v. Gill,* 348 F.3d 147, 151 (6th Cir.2003). By only holding Wilson accountable for fourteen of twenty deliveries, the district court erred on the side of caution. *Id.* Wilson's relevant conduct justifies his being held accountable for between 700 and 1,000 kilograms of marijuana.[3] Moreover, the district court may consider conduct of which a defendant was acquitted for sentencing purposes. *United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *United States v. Chance,* 306 F.3d 356, 396 (6th Cir.2002). "It is entirely plausible that a district judge could find one drug quantity made out by a preponderance of the evidence even though the jury found a lesser quantity proved beyond a reasonable doubt." *United States v. Solorio,* 337 F.3d 580, 597 n. 14 (6th Cir.2003). Accordingly, the district court properly applied the guidelines to Wilson's conduct. *See* 18 U.S.C. § 3742(e); *United States v. Dupree,* 323 F.3d 480, 484 (6th Cir.2003) (this Court reviews a district court's application of the USSG *de novo* and its factual findings for clear error).

■ Wilson next argues that the district court erred in failing to permit a two-level reduction to his base offense level due to his acceptance of responsibility since he admitted that he had observed Romero and Newton handling marijuana in the barn and that he had firearms in his residence. *See* USSG § 3E1.1(a). Wilson was undeserving of a two-level reduction, however, because he did not affirmatively accept any personal responsibility for his criminal conduct. *See United States v. Kraig,* 99 F.3d 1361, 1371 (6th Cir.1996). During trial, Wilson denied *any* involvement with *any* amount of marijuana and argued that his alleged confession was false and fabricated by the federal agents. Wilson claimed that he was never in the barn, had no involvement with Romero, and sought an acquittal as to all counts. There was no clear error. USSG § 3E1.1, comment. (n.5); *Kraig,* 99 F.3d at 1372.

■ Wilson also argues that the district court erred in enhancing his base offense level by two levels due to its conclusion that he possessed firearms in connection with his drug offense since his firearms were either for hunting or collection purposes. *See* USSG § 2D1.1(b)(1). "The government bears the initial burden of showing that the defendant possessed a firearm during the crime." *United States v. Keszthelyi,* 308 F.3d 557, 578 (6th Cir. 2002) (citing *United States v. Cochran,* 14 F.3d 1128, 1132 (6th Cir.1994)). "Possession of a weapon is established if it 'could have facilitated [the] illegal transactions' . . . ." *United States v. Zimmer,* 14 F.3d 286, 290 (6th Cir.1994) (quoting *United States v. McGhee,* 882 F.2d 1095, 1099 (6th Cir.1989)). "Once possession is established, 'the burden shift[s] to the defendant to show that it was clearly improbable that the weapon was connected with the offense.' " *Keszthelyi,* 308 F.3d at 578 (quoting *Cochran,* 14 F.3d at 1132).

---

**3.** Fourteen loads multiplied by 170 pounds per load equals 2,380 pounds. This amount was reduced by 250 pounds because the four light loads may have been among the fourteen loads delivered to Wilson; thus, 2,380 pounds less 250 pounds equals 2,130 pounds.

The district court did not clearly err in its application of the USSG § 2D1.1(b)(1) sentence enhancement. Wilson possessed a twelve-gauge shotgun, a .22–caliber rifle, and a .32–caliber, Derringer-style pistol, and all three were loaded. Wilson presented no evidence corroborating his assertion that the firearms were for hunting or collection purposes. The pistol was not for hunting nor was it a collector's item. Unlike *Zimmer*, Wilson's loaded firearms were located in his house along with packaged marijuana and a "phat book." This "phat book," which appeared to be a record of drug tabulations, was found in Wilson's bedroom along with sixteen one-half-ounce marijuana baggies packaged for sale. Therefore, there was a strong implication that marijuana sales were made in Wilson's house. *Contra Zimmer*, 14 F.3d at 291.

■■■ Wilson lastly argues that the district court erred in failing to provide him with a two-level reduction for his minor participation in the marijuana operation. A "minor participant" is "less culpable than most other participants[ ] but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.1). Wilson permitted Romero to unload fourteen marijuana deliveries in his barn. He also received $2,000 for providing a safe location in which to transfer the marijuana and knew Romero and Newton had transferred marijuana there on three occasions. During the delivery immediately preceding his arrest, Wilson furnished the garbage bags, helped Romero load the marijuana packages into the garbage bags, and helped Newton load the garbage bags containing the marijuana into Newton's truck. The court did not err in finding that Wilson could not be described as a minor participant. *See United States v. Perry*, 908 F.2d 56, 58 (6th Cir.1990). Additionally, Wilson was not entitled to a mitigating

role reduction because he was only held accountable for the marijuana quantities directly attributable to him. *See United States v. Campbell*, 279 F.3d 392, 396 (6th Cir.2002).

**AFFIRMED.**