**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0577n.06
Filed: August 10, 2007

**No. 06-1439**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| *Plaintiff-Appellee*, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| | ) | |
| v. | ) | **O P I N I O N** |
| | ) | |
| **TIMOTHY DAVID WILSON**, | ) | |
| | | |
| *Defendant-Appellant*. | | |

BEFORE:    KEITH, MOORE, and COLE, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge**.  Timothy David Wilson was sentenced to 168 months' imprisonment but his sentence was vacated and remanded to the district court for resentencing in accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  On remand, the district court sentenced Wilson to 135 months' imprisonment.  Wilson now challenges that sentence, raising four arguments:  (1) the district court erred in basing his offense level on a drug-quantity amount greater than the amount found by the jury; (2) the district court erred in applying a preponderance-of-the-evidence standard to determine the drug-quantity amount attributable to Wilson; (3) this Court's practice of according within-Guidelines sentences a presumption of reasonableness is unconstitutional; and (4) Wilson's sentence is unreasonable.  For the reasons that follow, we **AFFIRM** the judgment of the district court.

**I.**

The facts of this case are taken from our prior opinion in *United States v. Wilson*, 94 Fed.

App'x 294, 296 (6th Cir. 2004) (per curiam):

> In 2002, Eduardo Romero was arrested in Missouri operating a pickup truck carrying 168 pounds of marijuana. The marijuana, like nineteen loads before it, was bound for Michigan to be delivered to Ricky Lee Newton. During Romero's latest fourteen or fifteen trips, he unloaded the marijuana inside a pole barn adjacent to Wilson's residence. Romero cooperated with law enforcement authorities and made a controlled marijuana delivery to Wilson's barn. Romero pulled the truck inside the barn and, as he was unloading the marijuana, Wilson arrived and helped him place the marijuana into plastic garbage bags. Newton arrived later and helped Wilson load the marijuana into Newton's truck. Federal agents arrested them and seized additional marijuana, firearms, and a drug ledger from Wilson's residence. Wilson gave a post-*Miranda* statement in which he admitted that Romero and Newton had used his barn to transfer marijuana on three occasions. Wilson received $2,000 for each use.
>
> Wilson was indicted for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count 1"); possession with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count 2"); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) ("Count 3"). At the conclusion of the jury trial, Wilson was acquitted of Count 1 but convicted of Counts 2 and 3. As to Count 2, the jury specified that Wilson was accountable for "50 kilograms to less than 100 kilograms of marijuana." Pursuant to 21 U.S.C. § 851, a penalty enhancement information was filed before trial noticing Wilson's prior felony drug conviction. At the sentencing hearing, the district court found by a preponderance of the evidence that Wilson was personally responsible for at least 700 but less than 1,000 kilograms of marijuana. Wilson's base offense level of 30 was enhanced by two levels for possession of firearms, for a total offense level of 32. With a criminal history category of II, he was sentenced to 168 months for Count 2 and 120 months for Count 3, to run concurrently.

*Id.* (footnotes omitted).

Wilson appealed the district court's sentence of 168 months' imprisonment and we affirmed.

Wilson then appealed to the United States Supreme Court, which remanded the case for resentencing

in light of *Booker*. *Wilson v. United States*, 543 U.S. 1103 (2005), *vacating* 95 Fed. App'x 970 (6th Cir. 2004).

On remand, the district court again concluded that Wilson was responsible for approximately 1,000 kilograms of marijuana. (*See* Joint Appendix "JA" 284 (concluding that Wilson was responsible for 2,130 pounds of marijuana, a quantity just "short of 1,000 kilograms").) The court calculated a base offense level of thirty-two and a criminal history category of II. After explaining why it could engage in judicial fact-finding by a preponderance-of-the-evidence standard rather than the beyond-a-reasonable-doubt standard advocated by Wilson, JA 285-287, the district court determined that "a sentence . . . within the sentencing guidelines range is appropriate and reasonable under all the circumstances in this case." (JA 288.) The court reached the same Guidelines range of 135-to-168 months' imprisonment it had previously calculated, but sentenced Wilson to 135 months' imprisonment, rather than the 168-month sentence previously imposed.

Wilson filed this timely appeal.

## II.

### 1.    The Drug-Quantity Amount

Wilson first argues that his Fifth and Sixth Amendment rights were violated when the district court based its sentence on a drug quantity rejected by the jury. (Appellant's Br. 15-17.) The Government counters by arguing that "so long as the resulting sentence does not exceed the statutory maximum sentence that was authorized by the jury's verdict," judge-found facts may increase a defendant's sentence without violating *Booker* or *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Appellee's Br. 12.)

Wilson raised a similar argument during his first appeal to this Court: "Wilson first argues that the district court erred in sentencing him for such a large drug quantity because he was acquitted of conspiracy." *Wilson*, 94 Fed. App'x at 296. We rejected Wilson's argument, concluding that the district court had properly applied the Guidelines in calculating Wilson's drug quantity. We explained that "the district court may consider conduct of which a defendant was acquitted for sentencing purposes." *Id.* at 297 (citing *United States v. Watts*, 519 U.S. 148, 157 (1997) and *United States v. Chance*, 306 F.3d 356, 396 (6th Cir. 2002)). Quoting *United States v. Solorio*, 337 F.3d 580, 597 n.14 (6th Cir. 2003), we stated that "[i]t is entirely plausible that a district judge could find one drug quantity made out by a preponderance of the evidence even though the jury found a lesser quantity proved beyond a reasonable doubt." *Wilson*, 94 Fed. App'x at 297.

Further, in *Chance*, we held that "a district court may take into consideration uncharged conduct or even conduct for which the defendant has been acquitted so long as that conduct has been proven by a preponderance of the evidence." 306 F.3d at 396; *see also United States v. Vaughn*, 430 F.3d 518, 526-27 (2d Cir. 2005) (holding that "after *Booker*, a district court may sentence a defendant taking into account acquitted conduct" and explaining "that there is no logical inconsistency in determining that a preponderance of the evidence supports a finding about which there remains a reasonable doubt"); *United States v. Magallanez*, 408 F.3d 672, 683-85 (10th Cir. 2005) (concluding that it does not violate *Booker* or *Apprendi* for the district court to sentence the defendant based on a higher drug quantity found by a preponderance of the evidence, given the jury's special verdict finding beyond a reasonable doubt a lower drug quantity). In *Solorio*, for instance, the district court, in calculating the defendants' Guidelines range, used a drug-quantity amount

different from the one determined by the jury. 337 F.3d at 597. We found that the district court did not violate *Apprendi*, because the sentence imposed was below the maximum statutory sentence authorized by the jury's verdict. *Id.* Similarly, Wilson's sentence of 135 months' imprisonment (approximately eleven years' imprisonment) is below the statutory maximum of thirty years' imprisonment prescribed by 21 U.S.C. § 841(b)(1)(C). Accordingly, Wilson's argument is meritless.

      2.      <u>Standard of Proof Required In Judicial Fact-Finding</u>

Wilson next argues that the district court erred in finding that he was responsible for more than 100 kilograms[1] of marijuana by a preponderance-of-the-evidence standard rather than a beyond-a-reasonable-doubt standard. (Appellant's Br. 20.) According to Wilson, "the district court violated [his] Fifth Amendment right to due process, and Sixth Amendment right to a jury trial in enhancing [his] punishment on the basis of acquitted conduct, determined by the sentencing court under a mere preponderance of the evidence." (*Id.*) This argument is foreclosed by our precedent. *See United States v. Jones*, __ F.3d __ , No. 06-5551, 2007 WL 1595540, at *5 (6th Cir. June 5, 2007) (concluding that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury") (internal citations and quotations omitted); *United States v. Gates*, 461 F.3d 703, 707-08 (6th Cir. 2006) (concluding that "the district court committed no Fifth or Sixth Amendment violation when it used a preponderance of the evidence standard" in

---

[1]The jury concluded that Wilson was responsible for at least 50 but less than 100 kilograms of marijuana. (JA 36-37.) The district court concluded that Wilson was responsible for 2,130 pounds of marijuana, or just short of 1,000 kilograms. (JA 284.) Wilson argues that the appropriate drug-quantity amount for sentencing should be the amount found by the jury.

judicial fact-finding). As such, this argument also fails.[2]

3.      Presumption of Reasonableness

Our practice, argues Wilson, of according sentences within the Guidelines range a presumption of reasonableness is unconstitutional. (Appellant's Br. 24-29.) This argument is foreclosed by the Supreme Court's decision in *Rita v. United States*, 551 U.S. __ , 127 S.Ct. 2456 (2007). The Court in *Rita* held that appellate courts may impose a presumption of reasonableness to sentences within a properly calculated Guidelines range. *Id.* at 2462 (concluding that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines"); *see also United States v. Crowell*, __ F.3d __ , No. 06-5902, 2007 WL 1814333, at *6 (6th Cir. June 26, 2007) (stating that because the defendant's sentence fell within the advisory Guidelines range, it carried a rebuttable presumption of reasonableness). *But see United States v. Liou*, __ F.3d __ , No. 06-4405, 2007 WL 2066854, at *4 (6th Cir. July 20, 2007) (explaining that *Rita*'s presumption of reasonableness is not a burden-shifting presumption). Accordingly, Wilson's argument is meritless.

4.      Reasonableness of Wilson's Sentence

In his final challenge, Wilson argues that his sentence is unreasonable "because it was greater than what is necessary to achieve the goals of sentencing." (Appellant's Br. 33-37.) Specifically, Wilson argues that (1) he was a 28-year employee of General Motors, who was close to retirement

---

[2]Wilson does not challenge the district court's conclusion that a preponderance of the evidence supports a finding that he is responsible for approximately 1,000 kilograms of marijuana. He challenges only the district court's use of that standard to determine the drug-quantity amount.

at the time of the offense; (2) he immediately confessed and cooperated with authorities; (3) he has since been rehabilitated by undergoing drug rehabilitation classes and engaging in self-reflection; (4) he is remorseful; (5) his age (Wilson is approximately 51-years old) makes it unlikely that he will reoffend; and (6) he has a stable and supportive family life. (*Id.* 33-35; JA 247-50.)

In imposing a sentence of 135 months' imprisonment, the district court explained

> [t]he only thing that's changed I'm still using the guideline range which I've considered along with all the factors contained in Section 3553(a) of the statute and I've chosen to be guided by the guideline range, but I'm sentencing at the bottom of the guideline range rather than at the top of the sentencing – or the guideline range in this – in this particular case.

(JA 289.) The court further acknowledged that Wilson's sentence was severe but stated that "I think it's a severe sentence quite frankly that you've earned." (JA 292.) Additionally, the court noted that it had considered the Sentencing Guidelines as well as the § 3553(a) factors:

> I have considered carefully all the sentencing factors, all the sentencing factors under the statute as well as the sentencing guidelines. And it's my conclusion that the – that with the sentencing guidelines now being advisory and not mandatory, a sentence of this Court within the sentencing guidelines range is appropriate and reasonable under all the circumstances in this case.

(JA 288.)

After orally imposing Wilson's sentence, the district judge asked the parties, "Now, are there any questions regarding the sentence that I have imposed?" (JA 289.) Neither party objected, and Wilson's attorney replied, "No questions, Your Honor. I just ask that Your Honor put on the record that Mr. Wilson should receive credit for the time he has served in prison already." (JA 290.)

In *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), we required district courts, "after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the

parties whether they have any objections to the sentence just pronounced that have not previously been raised." We explained that "[i]f a party does not clearly articulate any objection and the grounds upon which the objection is based, when given this final opportunity speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal." *Id.* at 872-73.

Therefore, because Wilson did not object to his sentence at the sentencing hearing, we review his claim to vacate his sentence for plain error. *United States v. Caswell*, 456 F.3d 652, 655 (6th Cir. 2006) (citing *United States v. Oliver*, 397 F.3d 369, 377-78 (6th Cir. 2005)). Plain error is established if there is: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (citing *Johnson v. United States*, 520 U.S. 461, 466 (1997)). We must first review Wilson's sentence for reasonableness to determine whether the district court erred. *Id.* at 656 (explaining that "we must still determine whether the district court committed plain error by imposing a sentence that was not reasonable").

A sentence can be either procedurally or substantively unreasonable. *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006). A sentence is procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). A sentence is substantively unreasonable if the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a)

factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *Id.* at 385.

On appeal Wilson appears to be arguing that his sentence is substantively unreasonable (although he does not explicitly say so) because he argues that the sentence he received is "greater than what is necessary to achieve the goals of sentencing." (Appellant's Br. 33.) Wilson received a within-Guidelines sentence and as such it is presumptively reasonable. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *see also Rita*, 127 S.Ct. at 2462. Further, the sentence of 135 months' imprisonment is at the bottom-end of the Guidelines range and is lower than the sentence he originally received of 168 months' imprisonment.

In his brief to this Court, Wilson does not argue that his sentence is procedurally unreasonable. As such, Wilson has waived this argument. *See McCalvin v. Yukins*, 444 F.3d 713, 723 (6th Cir. 2006) ("It is well established that issues not raised by an appellant in its opening brief . . . are deemed waived.") (citing *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006)).

Alternatively, the district court's statement of reasons in support of Wilson's sentence is sufficient to satisfy plain-error review. Here, the district court acknowledged that it had considered the advisory nature of the Guidelines and the § 3553(a) factors. (JA 288-89.) The district court explained that it believed a sentence of 135 months' imprisonment was appropriate in this case, JA 288, and the court further found that the drug quantity justifying a higher sentence was established by a preponderance of the evidence, JA 289. Thus, the district court did not commit plain error.

### III.

For the aforementioned reasons, we **AFFIRM** the judgment of the district court.