**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0792n.06

No. 09-3474

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 28, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| ALLEN L. KEEFER, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    KENNEDY, COLE, and ROGERS, Circuit Judges.

**COLE, Circuit Judge.**  Defendant-Appellant Allen L. Keefer pled guilty to one count of distributing visual depictions of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2), one count of distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B).  Keefer argues that his within-Guidelines sentence is unreasonable because: (1) the district court erred in applying a five-level enhancement for an offense involving 600 or more images; (2) the district court failed to consider the need to avoid unwarranted sentencing disparities; (3) the sentence was greater than necessary to comply with the 18 U.S.C. § 3553(a) factors because the district court failed to meaningfully consider relevant factors; and (4) the sentence itself created an unwarranted sentence disparity.  Because we find the district court erroneously applied the five-

level enhancement for an offense involving 600 or more images, we **VACATE** Keefer's sentence and **REMAND** to the district court for resentencing.

**I.**

On October 12, 2007, Keefer engaged in real-time electronic communication on the internet with a detective of the Miami Beach Police Department posing as a mother of a ten-year-old girl from Miami, Florida. The conversation began when Keefer entered an internet chatroom and sent a public message stating he "want[ed to] chat with REAL FEMALE about enjoying young girls together." (Presentence Investigation Report ("PSR") 4.) In response to this public message, the detective sent Keefer a private message, and they began to chat via private messages. During this conversation and later that day, Keefer electronically sent thirty-one images to the detective, which depicted adult males engaged in intercourse with prepubescent females and prepubescent females exposing their genitals.

On January 22, 2008, federal agents executed a search warrant at Keefer's home and seized three computers, compact discs, and a digital camera. A forensic analysis of Keefer's computer revealed thirty-nine images of child pornography saved on the computer's hard drive, and an additional 1,215 images in the computer's "unallocated space."

The United States Probation Office completed a PSR on Keefer. The PSR calculated Keefer's base offense level as twenty-two and then recommended application of the following enhancements: (1) two levels because the images contained prepubescent minors or a minor under the age of twelve under the United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 2G2.2(b)(2) (2008); (2) five levels because Keefer distributed child pornography for

receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, under U.S.S.G. § 2G2.2(b)(3)(B) (2008); (3) four levels because at least one of the images portrayed sadistic or masochistic conduct under U.S.S.G. § 2G2.2(b)(4) (2008); (4) two levels because Keefer used a computer for the transmission, receipt, or distribution of the child pornography under U.S.S.G. § 2G2.2(b)(6) (2008); and (5) five levels because the offense involved 600 or more images under U.S.S.G. § 2G2.2(b)(7)(D) (2008). The PSR thus calculated an adjusted offense level of forty, but then reduced it by three levels for Keefer's acceptance of responsibility, resulting in a total offense level of thirty-seven. Keefer had no prior criminal convictions and fell within criminal history category I.

Keefer filed a response to the PSR, and, in relevant part, objected to the five-level enhancement under § 2G2.2(b)(7)(D) for an offense involving 600 or more images. After hearing arguments on this objection at sentencing, the district court applied this enhancement, as well as the other enhancements suggested by the PSR, and calculated Keefer's total offense level to be thirty-seven with a criminal history category I, resulting in a Guidelines range of 210-262 months, with a statutory minimum of five years and a maximum of twenty years for counts one and two, and a statutory maximum of ten years for count three. The district court sentenced Keefer to 210 months of imprisonment on the first two counts and 120 months of imprisonment on count three, to run concurrently; the district court also imposed a lifetime term of supervised release. This appeal followed.

**II.**

We review a defendant's sentence for reasonableness, and we do so under "'a deferential abuse-of-discretion standard.'" *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This inquiry has both a procedural and a substantive component. *Id.* (citing *Gall*, 552 U.S. at 51). When determining the procedural reasonableness of a defendant's sentence, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Martinez*, 588 F.3d 301, 324 (6th Cir. 2009) (internal quotation marks and citation omitted). "We review the district court's application of the Sentencing Guidelines de novo and its findings of fact at sentencing for clear error." *Lapsins*, 570 F.3d at 772. "A [district court's] finding is clearly erroneous where, although there is evidence to support it, the reviewing court is left with the firm and definite conviction that a mistake has been committed." *United States v. Webb*, 616 F.3d 605, 609 (6th Cir. 2010) (internal quotation marks and citation omitted). The applicability of sentencing enhancements under the Guidelines must be proven by a preponderance of evidence. *See United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006). Therefore, the district court's application of the five-level enhancement was proper if it was supported by a preponderance of the evidence. *See United States v. Brown*, 579 F.3d 672, 685 (6th Cir. 2009).

Section 2G2.2, the Guideline regarding distribution and possession of material involving the sexual exploitation of minors, states: "[i]f the offense involved 600 or more images, increase by 5

levels." U.S.S.G. § 2G2.2(b)(7)(D) (2008). Keefer argues that applying this enhancement was improper because he only had thirty-nine images on his computer's hard drive and had no knowledge of the presence of the other 1,215 images found in his computer's unallocated space.

With regard to the application of the five-level enhancement for the images found in the computer's unallocated space, the PSR explained:

> According to http://www.forensics-intl.com/def8.html retrieved on March 19, 2009, "When files are erased or deleted in DOS or Windows operating systems, the content of the file is not actually erased. Until file deletion software is used, data from the 'erased file' remains behind in an area called unallocated storage space . . . Unallocated file space potentially contains intact files, remnants of files and subdirectories and temporary files which were transparently *created and deleted by computer applications and also the operating system*. Some examples are the user has an image file and deletes the file. The file is now part of 'unallocated file space' and will remain there until it is overwritten. Another example is the user opens an application and a temporary file is created, which remains in unallocated file space. With image files, *they had to have been present*, either saved and then erased or viewed, to be present in unallocated file space."

(PSR 21 (emphasis added).) The PSR further explained that specific offense characteristics enhancements are determined by consideration of all relevant conduct as described under U.S.S.G. § 1B1.3. At the sentencing hearing, the government informed the district court that "at least seven of the images that were found in unallocated space were the same images that [Keefer] had sent to the agent, the detective in Florida, so clearly those images in unallocated space were images that Mr. Keefer has possessed, distributed or at least viewed." (Sentencing Hr'g Tr., Dist. Ct. Docket No. 19, at 11.) After hearing both parties' arguments on this issue, the district court concluded:

> [O]ne of the things that drove me on this one was the fact that actually some of these images were actually transmitted to the officer in Miami and then were later, I believe, when the computer was apprehended, even if that didn't happen, I think that under the law, the five-level enhancement is appropriate.

So those objections will be overruled for the reasons set forth in the [PSR] and [the government's] response and will be incorporated in my decision on the overruling of the objection.

(*Id.* at 13.)

The enhancement here was properly applied if the offense, including all relevant conduct, *see* U.S.S.G. § 1B1.3 (2008), involved 600 or more images. U.S.S.G. § 2G2.2(b)(7)(D) (2008). A district court cannot consider conduct as "relevant conduct" in its sentencing calculation "unless the conduct at issue amounts to an offense for which a criminal defendant could potentially be incarcerated." *United States v. Shafer*, 199 F.3d 826, 830-31 (6th Cir. 1999) (interpreting § 1B1.3(a)(2)). Therefore, to apply the enhancement here, the government must have shown by a preponderance of evidence that at some point Keefer knowingly possessed or knowingly accessed with intent to view each of the 600 or more images. *See* 18 U.S.C. § 2252A(a)(5)(B).

We credit the district court's finding that "some of the images that were found in the unallocated space were images that had previously been sent to the detective in Florida," (Sentencing Hr'g Tr., Dist. Ct. Docket No. 19, at 13), because it is not clearly erroneous. *See Webb*, 616 F.3d at 609. But the fact that at one point Keefer knowingly possessed *seven* of the 1,215 images (the ones he sent to the detective in Florida) is not adequate to support a finding that he ever knowingly possessed or knowingly accessed with intent to view the other 1,208 images, or even an additional 554 of them—the amount needed to apply the enhancement after subtracting the seven images sent to the detective and the thirty-nine images found on the computer's hard drive. The PSR's explanation of unallocated space merely stated that images are stored in unallocated space if they were *present* on a computer at some point. Presence, however, does not inherently require knowing

possession or access, as anyone who has received spam email or visited one website only to have another, inadvertently accessed, website pop-up knows all too well.[1] And the government has failed to present evidence indicating anything to the contrary. Without more, the enhancement's application was improper. We note, as an aside, that the "evidence" relied on by the PSR on this highly technical and important issue was an unverified, unexplained website definition. For the purpose of re-sentencing, it would seem advisable for the district court to require "evidence" more reliable than such a website reference, whether such evidence come from a witness with the appropriate expertise or some other reliable authority.

In sum, the district court erroneously applied the enhancement and thus improperly calculated Keefer's Guidelines range. *See Martinez*, 588 F.3d at 324. Because we remand for resentencing, we need not reach Keefer's other arguments that his sentence was unreasonable. *See United States v. Garcia-Robles*, 562 F.3d 763, 768 (6th Cir. 2009).

**III.**

For the reasons above, we **VACATE** Keefer's sentence as procedurally unreasonable and **REMAND** for resentencing.

---

[1] "A 'pop-up' is an unsolicited advertisement that will appear in a window that 'pops up' unwanted in the user's web browser." *United States v. Romm*, 455 F.3d 990, 1000 n.14 (9th Cir. 2006).