NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0550n.06

No. 11-1800

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARK DOUGLAS THOMAS, JR.,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

**FILED**

*May 30, 2012*

LEONARD GREEN, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN

Before: MARTIN, GILMAN, and WHITE, Circuit Judges.

PER CURIAM. Mark Douglas Thomas, Jr., who is represented by counsel, appeals his sentence following his guilty plea to charges of conspiracy to possess and distribute pseudoephedrine and to possession of pseudoephedrine.

Thomas entered his guilty plea in 2011. Five co-defendants had also entered guilty pleas and were sentenced in 2010. Thomas, however, was not arrested until after his co-defendants were convicted. Each co-defendant reported that Thomas recruited them at a homeless shelter to purchase pseudoephedrine from various stores, provided them the money for the purchases, and gave them small amounts of cash for each purchase. Thomas would then take the pseudoephedrine to third parties, who used the drug to manufacture methamphetamine. Thomas agreed with these statements and added that he was similarly recruited to purchase pseudoephedrine by methamphetamine manufacturers. Thomas eventually became the middleman between the manufacturers and his co-defendants. Thomas identified the methamphetamine manufacturers only by their first names and gave a general description of where they lived. Thomas stated that he received methamphetamine and small amounts of money for his services.

A presentence report calculated Thomas's advisory sentencing guidelines range as 210 to 262 months of imprisonment. Thomas filed objections to the report, taking issue with a four-level enhancement to the offense level for being an organizer or leader of his co-defendants. He also moved for a downward variance, arguing that: 1) the scoring of pseudoephedrine is too harsh under the guidelines; 2) he should not receive the enhancement for being an organizer or leader; 3) his criminal history was overstated; and 4) his cooperation with the government should be considered.

At his sentencing hearing, Thomas again argued that he should not receive the enhancement for being an organizer or leader. He also sought a downward variance because of his cooperation with the government. The district court rejected the enhancement argument, finding that Thomas was an organizer or leader of the conspiracy to possess pseudoephedrine. The court noted that the individuals to whom he gave the pseudoephedrine in exchange for methamphetamine may be organizers or leaders of a different conspiracy to manufacture methamphetamine. The district court also rejected the cooperation argument, noting that the other co-defendants had already provided the government with the facts regarding the drug operation prior to Thomas's arrest. The court noted that Thomas's vague descriptions of the methamphetamine manufacturers had not led to any arrests. The government requested that the court address the argument raised in the motion for a variance concerning the alleged overstatement of Thomas's criminal history. The court did so, noting that it found Thomas's criminal history score to be appropriate. Stating that the co-defendants received sentences in the range of four to six years each, the district court varied downward from the guidelines range and imposed a sentence of 180 months of imprisonment.

On appeal, Thomas argues that his sentence is unreasonable because 1) he was not an organizer or leader, 2) pseudoephedrine is scored too harshly under the guidelines, 3) his criminal history was overstated, and 4) he cooperated with the government.

We review sentences for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence

based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. If no procedural error occurred, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*. A sentence may be substantively unreasonable "if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir.), *cert. denied*, 131 S. Ct. 3077 (2011). We review a sentencing determination for reasonableness under a deferential abuse-of-discretion standard. *United States v. Studabaker*, 578 F.3d 423, 430 (6th Cir. 2009).

Thomas argues that the district court failed to consider and explain its rejection of his non-frivolous arguments, citing *United States v. Garcia-Robles*, 562 F.3d 763, 767 (6th Cir. 2009). However, the sentencing transcript shows that the district court did consider and explain its reasons for rejecting the two arguments that Thomas raised at the hearing. The district court also explained its rejection of the argument that the criminal history was overrepresented, as requested by the government. Thomas did not raise at the hearing his argument that pseudoephedrine is too harshly punished. The district court did not have the opportunity to address the issue, and we are not presented with any finding to review. Thus, our review of this issue is for plain error. *See United States v. Simmons*, 587 F.3d 348, 357-58 (6th Cir. 2009). We have previously rejected similar challenges to the guidelines regarding pseudoephedrine. *United States v. Martin*, 438 F.3d 621, 636-37 (6th Cir. 2006). Therefore, no plain error is apparent in this case.

The fact that Thomas desired a more lenient sentence than the downward variance he received in this case is insufficient for us to disturb the district court's judgment. *See United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Therefore, we affirm the district court's judgment.