NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0888n.06

No. 10-2295

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| WILLIAM CLARKE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SILER and GRIFFIN, Circuit Judges; TARNOW, District Judge.[*]

**TARNOW**, District Judge. Appellant William Clarke appeals from the district court's denial of his Motion for a Downward Variance. For the following reasons, we **AFFIRM** the district court's judgment.

**I.**

In 2009, agents of the Kalamazoo Valley Enforcement Team ("KVET") received information that Appellant was in the process of picking up cocaine from South Bend, Indiana. KVET agents conducted surveillance of Appellant's vehicle in Indiana. When Appellant's vehicle entered Kalamazoo County, Michigan, the agents executed a traffic stop. Upon searching Appellant's vehicle, agents discovered 988.96 grams of cocaine and $6,000.00. Appellant was arrested.

---

[*]The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

Appellant elected not to make a statement without the presence of counsel and was subsequently released without prosecution.

Agents subsequently obtained search warrants of three residences and one business linked to Appellant. Following the execution of the warrants, Appellant voluntarily appeared for three interviews with KVET agents during September, 2009. None of these interviews was conducted pursuant to a proffer agreement.

On March 16, 2010, an indictment was filed in the United States District Court for the Western District of Michigan charging Appellant with the possession with the intent to distribute of 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). On May 24, 2010, Appellant pled guilty to the indictment pursuant to a written plea agreement.

Prior to the sentencing hearing, a presentence investigation report ("PIR") was prepared for the district court calculating Appellant's base offense level as 32. Three points were subtracted based on Appellant's acceptance of responsibility, resulting in a Total Offense Level of 29. The PIR assigned Appellant a Criminal History Category of III based on four points of criminal history. Three Criminal History Points were assigned based on Appellant's 1992 guilty plea for Delivery/Manufacture of a Controlled Substance/Narcotic (Cocaine) of Less than 50 Grams. One Criminal History Point was assigned for Appellant's 2007 guilty plea for possession of marijuana.

Based on Appellant's Criminal History Category and Total Offense Level, the Sentencing Guidelines recommend a range of 108 to 135 months (9 years to 11.25 years) incarceration. The PIR recommended a sentence of 108 months (9 years). Appellant did not object to any aspect of the PIR when given the opportunity to do so at the sentencing hearing, held on September 30, 2010.

At the sentencing hearing, Appellant argued that his cooperation with the investigation into his activities had provided KVET agents with information that increased his Base Offense Level from 26 to 32. Appellant's counsel did not raise the other two issues Appellant now argues to support a downward variance: that Appellant's criminal history was overstated, and that the court had the authority to grant a downward departure without motion by the government.

The district court discussed Appellant's criminal history in detail, referencing Appellant's previous convictions, including the year of the convictions or violations of probation. The district judge also twice criticized Appellant for testing positive for marijuana use in April of 2010. Finally, the district court sentenced Appellant to 120 months (10 years) incarceration and rejected Appellant's motion for a downward variance.

## II.

This Court reviews the sentencing decision of a district court for "reasonableness" under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007) (citing *United States v. Booker*, 543 U.S. 220, 260-62 (2005)). The abuse-of-discretion standard is deferential, and contains both a procedural and a substantive component. *United States v. Alexander*, 543 F.3d 819, 821-22 (6th Cir. 2008).

However, "'[i]f a party does not clearly articulate any objection and the grounds upon which the objection is based, when given [a] final opportunity [to] speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal.'" *Alexander*, 543 F.3d at 822 (quoting *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004) (alterations in original)). District courts, after pronouncing a sentence, should "ask the parties whether they have any objections to the sentence just pronounced that have not previously

been raised." *Bostic*, 371 F.3d at 872. "If a sentencing judge asks this question and if the relevant party does not object, then plain-error review applies on appeal to those arguments not preserved in the district court." *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc) (citing *Bostic*, 371 F.3d at 872-73). This approach is intended to facilitate the appellate process by indicating "'precisely which objections have been preserved.'" *Vonner*, 516 F.3d at 385 (quoting *Bostic*, 371 F.3d at 873).

In the instant case, after the district judge announced his intention to sentence Appellant to 120 months (10 years) incarceration, he asked whether there was any "legal objection to the sentence imposed not previously raised . . . ." Appellant's counsel responded "No, Your Honor."

Appellant argues that he did not need to object at sentencing because a party need not object to "substantive unreasonableness to preserve the issue for appeal," citing *Vonner*. It is true that a party need not object to the reasonableness of the length of his or her sentence or to the presumption that a within-guidelines sentence is reasonable at the district-court level. *Vonner*, 516 F.3d at 389. As this Court explained "[t]hat is because reasonableness is the standard of *appellate* review, not the standard a district court uses in imposing a sentence." *Id.* (*citing Rita v. United States*, 551 U.S. 338, 351 (2007)) (emphasis in original)). Insofar as Appellant is arguing procedural error at sentencing, we review for plain error. As for challenges to the length of the sentence, we review for abuse of discretion.

Here, Appellant is not challenging the reasonableness of the length of his sentence. Rather, Appellant challenges the district court's explanation regarding its rejection of Appellant's motion for a variance, and the district court's reliance on Appellant's criminal record as a factor at sentencing. These are precisely the issues that this Court applied plain-error review to in *Vonner*,

as they concern "the appropriate procedures at sentencing and the bases for a lower or higher sentence." *Vonner*, 516 F.3d at 391.

Because Appellant failed to preserve his objections at the sentencing hearing, this Court reviews the district court's decision for plain error.

## III.

Appellant first argues that the district court failed to consider and explain its rejection of two of the arguments presented in Appellant's motion for a variance: Appellant's cooperation with the authorities, and that the court had the power to grant a variance without a 5K1.1 motion for a downward departure from the government.

In deciding whether a sentence is procedurally reasonable, a district court should:

> "(1) properly calculate[] the applicable advisory Guidelines range; (2) consider[] the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulate[] its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range."

*United States v. Garcia-Robles*, 562 F.3d 763, 767 (6th Cir. 2009) (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)).

On appeal, the crucial question is whether the sentencing record "'makes clear that the sentencing judge listened to each argument,' 'considered the supporting evidence,' was 'fully aware' of the defendant's circumstances and took 'them into account' in sentencing him." *Vonner*, 516 F.3d at 387 (quoting *Rita*, 551 U.S. at 358). While a district court must give "the reasons" for its sentence, a district court need not "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Id.* at 387. "The appropriateness of brevity or length, conciseness or

detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument, sometimes it does not . . . ." *Rita*, 551 U.S. at 356.

Appellant's position, both at the sentencing hearing and on appeal, is that his "immediate cooperation" with authorities without the benefit of a proffer agreement warranted a downward departure. Appellant contends that, while the district court acknowledged Appellant's immediate cooperation, it did not "explain why that component was being rejected." Appellant is correct insofar as the district judge focused more upon whether Appellant's cooperation had been the only source of incriminating information against him. The district judge criticized Appellant's argument that authorities had only known of past drug trafficking because of Appellant's cooperation. The district court specifically cited to paragraphs of the PIR that indicated that two individuals, during proffer sessions, had alleged that Appellant was involved with drug trafficking and distribution. The district judge did not further address Appellant's cooperation.

The district judge's rejection of Appellant's cooperation argument was neither plain error nor an abuse of discretion. Appellant's argument relies on minutely compartmentalizing each portion of Appellant's overall contention that his cooperation warranted a downward departure. The district judge listened to Appellant's arguments, considered and disputed the evidence Appellant presented, and rejected Appellant's position. The district judge was not required to proceed through and reject each component of Appellant's argument a piece at a time. Appellant further argues that the district judge did not "respond to the Appellant's challenge" to the district judge's use of the proffers described in the PIR. This is incorrect; the district judge clearly did not agree with Appellant's characterization of the evidence and chose to reject Appellant's argument.

Appellant also argues that the district court did not "address . . . at all" Appellant's argument that "a sentencing court can consider cooperation as a reason to grant a variance even though the government has not filed a 5K1.1 departure motion." Appellant did not raise this argument at the hearing. A district court need not "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Vonner*, 516 F.3d at 387. In this case, it is clear that the district court was aware it had the ability to grant a variance from the guidelines despite the lack of a motion for downward departure from the government. The district court considered and rejected the motion for variance. It would have made little sense for the district court to consider and deny a motion that the court felt it could not grant. The district court neither committed plain error nor abused its discretion when it did not explicitly state that it was aware that it could grant a variance from the guidelines without a motion for downward departure from the government.

## IV.

Appellant next argues that the district court erred when it "based its sentencing decision almost exclusively on the Appellant's prior record." This argument rehashes Appellant's argument in his original motion that his criminal history was overstated. Appellant's argument has two parts. First, Appellant argues that the Criminal History Report overstates his record. Appellant argues that one conviction, for which he received three Criminal History Points, occurred in 1994 when Appellant was 19. Appellant also argues that he was on the "low end" of the of Criminal History Category III, and that the one point that moved Appellant from Category II to Category III was due to a possession of marijuana conviction. However, as Appellant acknowledges, "[t]he sentencing court rejected these arguments and took the position that the Appellant's criminal history was more serious than it appeared from the Appellant's arguments." Thus, as required by *Vonner*, the district

court listened to Appellant's arguments, considered the evidence against him, and took these factors into account in sentencing Appellant. The district court's reliance on the PIR's calculations (none of which Appellant disputes) and rejection of Appellant's argument were not plainly erroneous or an abuse of discretion.

Second, Appellant argues that the district court's reasons for sentencing Appellant to 120 months (10 years) were "vague and did not clearly explain the decision reached by the Court." Appellant argues that the district court's characterization of Appellant's "repetitive drug convictions" is misplaced, as Appellant "had been free of trouble since 1998," "with the one exception in 2007," which was "of a completely different nature" than Appellant's other drug convictions. Appellant also argues that the court "did not consider the age of two of the convictions, the conviction-free period, or the relatively minor nature of the 2007 conviction."

The district court was familiar with Appellant's criminal history and discussed the history in detail at the Sentencing Hearing. Appellant's argument simply substitutes Appellant's judgment about his past convictions for that of the district court. The district court was not plainly erroneous and did not abuse its discretion in placing weight on Appellant's past criminal history.

**V.**

Because the district court considered Appellant's arguments, reviewed the evidence, and adequately explained its reasons for sentencing Appellant to 120 months (10 years) incarceration, we affirm the district court's rejection of Appellant's motion for variance.

**AFFIRMED.**