RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name:  11a0116p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

                                                    No. 09-1980

       *v.*

JULIO C. GARCIA-ROBLES,
                  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 07-20165-001—Lawrence P. Zatkoff, District Judge.

Argued:  December 8, 2010

Decided and Filed:  May 10, 2011

Before:  SUTTON and GRIFFIN, Circuit Judges; BERTELSMAN, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Todd A. Shanker, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for
Appellant. Michael R. Mueller, ASSISTANT UNITED STATES ATTORNEY, Detroit,
Michigan, for Appellee.  **ON BRIEF:**  Todd A. Shanker, Rafael C. Villarruel,
FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Appellant.  Michael R.
Mueller, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for
Appellee.

_____

## OPINION

_____

     GRIFFIN, Circuit Judge.  This is defendant Julio C. Garcia-Robles's second
sentencing appeal.  In our prior opinion, we vacated Garcia-Robles's sentence as

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

procedurally unreasonable and remanded for resentencing in a general remand order. However, on remand, over defendant's objections, the district court resentenced defendant to the same sentence without holding a resentencing hearing. In this appeal, Garcia-Robles claims that his resentencing was procedurally unreasonable because he was denied his right to be present and allocute. We agree and hold that upon a general remand for resentencing, a defendant has a right to a plenary resentencing hearing at which he may be present and allocute. We further hold that when a plenary resentencing hearing is held, the district court is required to state its reasons for the sentence "in open court."

I.

In an April 2009 opinion, we summarized the relevant background facts as follows:

> Garcia-Robles is a Mexican national. In 1997, Garcia-Robles was arrested in Utah with four grams of cocaine and pleaded guilty in state court to attempted possession with intent to distribute a controlled substance in the third degree and to providing false personal information to a police officer. He received a five-year suspended sentence for the first crime and was sentenced to 30 days in jail and 36 months of probation for the second. On December 4, 1997, Garcia-Robles was deported to Mexico. Following this deportation, Garcia-Robles illegally reentered the United States and was arrested in Utah again in 1999. Police stopped Garcia-Robles's car because it did not have a front license plate and found that he was driving under the influence and had three firearms in his vehicle. Garcia-Robles pleaded guilty in state court to purchase and possession of a dangerous weapon and to driving under the influence and was sentenced to 90 days in jail with 60 days suspended. After he served his state sentence, Garcia-Robles was charged in federal court with reentry of a deported alien. Garcia-Robles pleaded guilty and was sentenced to 46 months of incarceration and 36 months of supervised release. On September 18, 2002, Garcia-Robles was removed to Mexico.

> * * *

> On March 8, 2007, law-enforcement officers stopped Garcia-Robles's car because it had expired license plate tabs. Garcia-Robles gave officers his name and told them that he was not present in the United States legally. Immigrations and Customs Enforcement identified Garcia-Robles and learned that he had been deported twice. Garcia-Robles was charged with

and pleaded guilty to unlawful reentry after deportation after an aggravated felony in violation of 8 U.S.C. § 1326.

Before Garcia-Robles was sentenced, the government prepared a Presentence Report ("PSR") that indicated a sentencing range of 30 to 37 months of imprisonment based on a total offense level of 17 and a criminal history category of III. Garcia-Robles did not object to anything contained in the PSR. At sentencing, Garcia-Robles's counsel detailed the difficult life that Garcia-Robles had led and asked the district court to grant him a variance and to sentence him to 24 months of imprisonment. The government asked the district court to sentence Garcia-Robles within the 30-37 month guidelines range.

After hearing argument from the parties, the district court announced a sentence of 96 months of incarceration - 59 months longer than the guidelines maximum. . . . After imposing sentence on September 18, 2007, the district court informed the parties' counsel that it would issue a written opinion, and "if they disagree with any of the findings or conclusions contained in the Opinion, [they] may file objections to that Opinion within five days of today." The day after the sentencing hearing, on September 19, 2007, the district court issued a written sentencing opinion.

* * *

After the September 19 opinion was filed, Garcia-Robles timely objected to the district court's sentence on September 26, 2007, and he filed his notice of appeal on September 28, 2007. Garcia-Robles objected on the grounds that the sentence was unduly severe and could not have taken the 18 U.S.C. § 3553(a) factors into account and to the fact that the district court imposed this significant variance without alerting the parties to its intent to do so. Additionally, Garcia-Robles explained that the district court had relied on unreliable facts and had taken other information from the PSR out of context. On October 3, 2007, although the district court found Garcia-Robles's objections to be timely, nonetheless the district court overruled these objections in a single paragraph opinion that summarized the case and concluded that "[t]he Court has reviewed and considered [Garcia-Robles's] objections but adheres to the sentence of 96 months imposed on September 18, 2007."

*United States v. Garcia-Robles*, 562 F.3d 763, 764-66 (6th Cir. 2009) (internal citations omitted).

In the prior appeal, we held that Garcia-Robles's sentence was procedurally unreasonable. Specifically, we ruled that the district court lacked jurisdiction to decide

Garcia-Robles's objections to his sentence because the judgment was entered and the claim of appeal filed:

> Given the sequence of events in this case, Garcia-Robles was never afforded an opportunity meaningfully to respond to the district court's decision to impose an upward variance. The district court chose to issue a written sentencing opinion and to permit Garcia-Robles to object to his sentence after that opinion issued rather than to permit oral objections during the sentencing hearing. However, the district court failed actually to provide that opportunity when it entered judgment before Garcia-Robles's time to object had elapsed and when it failed to respond to Garcia-Robles's objections until after its jurisdiction was divested by Garcia-Robles's notice of appeal. . . . Because the district court had no jurisdiction to alter Garcia-Robles's sentence at the time it heard his objections to a greatly increased sentence, the district court failed to provide Garcia-Robles with an opportunity meaningfully to address the upward variance in his sentence.

*Id.* at 768. Accordingly, we vacated Garcia-Robles's sentence and remanded for resentencing.

Upon remand, the district court issued an "Order Regarding Remand," directing the parties to submit updated objections to the September 19, 2007, sentencing opinion. Garcia-Robles filed several objections on May 15, 2009, one objection being that he was entitled to a resentencing hearing. The United States filed no objections.

On July 17, 2009, the district court issued an opinion sentencing Garcia-Robles to the same 96-month term of imprisonment. The court noted that it was unaware of any authority granting Garcia-Robles the right to a hearing upon remand for resentencing. This timely appeal followed.

## II.

We review a district court's sentencing decision for reasonableness, *United States v. Bates*, 552 F.3d 472, 476 (6th Cir.), *cert. denied*, 130 S. Ct. 166 (2009), which has both procedural and substantive components. *United States v. Sedore*, 512 F.3d 819, 822 (6th Cir. 2008). The court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the

Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is procedurally sound, the court then considers the substantive reasonableness of the sentence under an abuse-of-discretion standard. *Id.*

Garcia-Robles's main contention on appeal is that his sentence is procedurally unreasonable because the district court failed to conduct a resentencing hearing. According to Garcia-Robles, this failure: (1) denied him his right to be present in violation of the Confrontation Clause, the Due Process Clause, and Rule 43 of the Federal Rules of Criminal Procedure; (2) denied him his right to allocute in violation of the Due Process Clause and Rule 32 of the Federal Rules of Criminal Procedure; (3) violated 18 U.S.C. § 3553(c), which requires a sentencing court to state the reasoning underlying a sentence "in open court"; and (4) violated the terms of this court's mandate.

III.

It is beyond peradventure that a defendant has a right to be present and allocute at his sentencing, and that the reasons underlying the sentence must be stated "in open court." Fed. R. Crim. P. 32, 43; 18 U.S.C. § 3553(c). Rule 32(i)(4) provides that "[b]efore imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence[.]" Rule 43(a) provides that "the defendant must be present at . . . sentencing." Finally, § 3553(c) provides that "[t]he court, at the time of sentencing, shall state *in open court* the reasons for its imposition of the particular sentence." (emphasis added).

Every circuit court to address the issue has held that when resentencing is directed pursuant to a general remand order, a defendant is entitled to be present and/or allocute. Such holdings rely upon the Federal Rules of Criminal Procedure, although some are constitutionally based. *See United States v. DeMott*, 513 F.3d 55, 58 (2d Cir. 2008) (defendant has constitutional right to be present at resentencing); *United States v. Muhammad*, 478 F.3d 247, 249-50 (4th Cir. 2007) (defendant has right to allocute upon resentencing under Rule 32); *United States v. Faulks*, 201 F.3d 208, 212 (3d Cir.

2000) (defendant has right to be present at resentencing under Rule 43); *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991) (noting that the right to be present is constitutionally based and "extends to the imposition of a new sentencing package after an original sentencing package is vacated in its entirety on appeal"); *United States v. Moree*, 928 F.2d 654, 656 (5th Cir. 1991) (defendant has right to be present and allocute at resentencing under Rules 32 and 43); *United States v. Smith*, 930 F.2d 1450, 1456 (10th Cir. 1991) (citing Rule 32 and holding that a "defendant is accorded the same procedural rights on resentencing as on the initial sentencing"); *Rust v. United States*, 725 F.2d 1153, 1154 (8th Cir. 1984) ("[A] defendant must be present [pursuant to Rule 43] only where . . . the entire sentence is set aside and the cause remanded for resentencing.").

We agree with our sister circuits and hold that upon general remand, when a sentence has been vacated on direct appeal, the defendant is entitled to a resentencing hearing where he may exercise the right to be present and allocute as provided by Rules 32 and 43 of the Federal Rules of Criminal Procedure. We further hold that when a plenary resentencing hearing is held, § 3553(c) requires the district court to state "in open court" the reasons underlying the imposed sentence.

Rule 43 of the Federal Rules of Criminal Procedure affords the defendant the opportunity to "be present at every stage of the trial including the imposition of sentence." *United States v. Behrens*, 375 U.S. 162, 165 (1963) (internal quotation marks and formatting omitted). "[T]he notion that the sentencing court must 'eyeball' the defendant at the instant it exercises its most important judicial responsibility . . . is far from a formality." *Faulks*, 201 F.3d at 209. Indeed, this requirement "is a fundamental procedural guarantee that places the defendant before the judge at a culminating moment of the criminal judicial process." *Id.* at 211.

The issue of whether a defendant has the right under Rule 43 to be present at resentencing after his sentence is vacated on direct appeal has not been previously addressed by this court. However, we have specified that Rule 43 provides a "general requirement that a defendant must be present upon the imposition of sentence" unless

one of its enumerated exceptions applies.[1] *United States v. Waters*, 158 F.3d 933, 942-43 (6th Cir. 1998). Because resentencing upon remand is not an exception to the presence requirement, the right to be present is mandated here. Moreover, the plain language of Rule 43 requires the defendant's presence "at . . . sentencing."[2] This generalized directive does not distinguish between a defendant's initial sentencing and a resentencing upon direct appeal.

"Rule 32(a) requires a district judge before imposing sentence to afford every convicted defendant an opportunity personally to speak in his own behalf." *Hill v. United States*, 368 U.S. 424, 426 (1962). The right of a defendant to allocute is of the utmost importance, as "[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *United States v. Green*, 365 U.S. 301, 304 (1961). This right "is not an empty formality." *United States v. Riascos-Suarez*, 73 F.3d 616, 627 (6th Cir. 1996) (abrogated on other grounds). Its purpose is "to temper punishment with mercy in appropriate cases, and to ensure that sentencing reflects individualized circumstances." *Id.* (internal quotation marks and citation omitted). Additionally, the right to allocute "has value in terms of maximizing the perceived equity of the process." *United States v. Barnes*, 948 F.2d 325, 328 (7th Cir. 1991) (internal quotation marks and citation omitted).

We hold that a defendant possesses the right to be present and allocute upon a general remand when his original sentence is vacated on direct appeal. Indeed, the Supreme Court has noted that the right to allocute "is of most importance" at the hearing

---

[1]Rule 43(b) provides that a defendant need not be present under the following circumstances:

(1) Organizational Defendant. The defendant is an organization represented by counsel who is present. (2) Misdemeanor Offense. The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur in the defendant's absence. (3) Conference or Hearing on a Legal Question. The proceeding involves only a conference or hearing on a question of law. (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).

[2]This right, like all others, may be waived. *See United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) ("It is well settled that a defendant in a criminal case may waive any right, even a constitutional right[.]") (internal quotation marks and citation omitted); *United States v. Evans*, 459 F.2d 1134, 1136 (D.C. Cir. 1972) (noting that the allocution right may be waived).

where the district court's "*final* words are spoken and the defendant's punishment is *fixed*." *Behrens*, 375 U.S. at 165 (emphases added). When a defendant's sentence is vacated, allocution is permitted upon resentencing because the defendant's sentence is neither final, nor fixed. *See Barnes*, 948 F.2d at 329 ("[T]he opportunity to address the court at a subsequent hearing arises precisely because the scope of punishment is not preordained."). Accordingly, the right to allocute at this time, despite a defendant's previous opportunity to allocute, is essential. *See Moree*, 928 F.2d at 656 (internal quotation marks and citation omitted) ("Even if he has spoken earlier, a defendant has no assurance that when the time comes for final sentence the district judge will remember the defendant's words in his absence and give them due weight. Moreover, only at the final sentencing can the defendant respond to a definitive decision of the judge.").

IV.

There is only one published opinion by this court addressing the right to allocute when a sentence is vacated on direct appeal. In *United States v. Jeross*, we held that "Rule 32 requires allocution only before a court imposes the *original* sentence on a defendant, and does not require allocution at *resentencing*." 521 F.3d 562, 585 (6th Cir. 2008). However, in so holding, we noted that the resentencing at issue followed a *limited* remand. *Id.* at 585-86.

The distinction between a limited and general remand is important. "A general remand allows the district court to resentence the defendant de novo, which means that the district court may redo the entire sentencing process, including considering new evidence and issues. Conversely, a limited remand constrains the district court's resentencing authority to the issue or issues remanded." *United States v. Moore*, 131 F.3d 595, 597-98 (6th Cir. 1997) (internal citations omitted). "[A]bsent explicit limitations in the appellate court's mandate, an order vacating a sentence and remanding the case for resentencing directs the sentencing court to *begin anew*, so that fully *de novo* resentencing is entirely appropriate[.]" *United States v. Moored*, 38 F.3d 1419, 1422 (6th Cir. 1994) (internal quotation marks and citation omitted, emphasis added).

Accordingly, when no express limitations are given, a remand is presumed to be general. *Moore*, 131 F.3d at 598.

Upon limited remand, the district court in *Jeross* was not required to "begin anew," and thus could rely upon the procedural rights provided to the defendants prior to remand. *See United States v. Ramsdale*, 179 F.3d 1320, 1324 (11th Cir. 1999) (noting that upon limited remand, when the issues under consideration are restricted, the defendant does not have a right to allocute under Rule 32). Here, unlike in *Jeross,* the remand was general as it contained no express limitation,[3] thereby requiring the district court to conduct resentencing de novo.[4] Accordingly, the district court was required to provide Garcia-Robles the right to be present and allocute. *See United States v. Jennings*, 83 F.3d 145, 151 (6th Cir. 1996) (holding that sentencing upon general remand "is to be *de novo*," requiring the district court to consider new objections to the presentence report).[5]

V.

Next, Garcia-Robles asserts that the district court violated § 3553(c) when it failed to explain the reasons underlying his sentence "in open court." Indeed, the Second Circuit has held that upon resentencing, the reasons supporting the sentence must be pronounced by the district court from the bench. *See DeMott*, 513 F.3d at 58 (holding

---

[3] The remand order reads as follows: "Accordingly, we **VACATE** Garcia-Robles's sentence as procedurally unreasonable and **REMAND** for resentencing." *Garcia-Robles*, 562 F.3d at 768. The judgment provides: "it is ORDERED that the sentence imposed on defendant Julio Cesar Garcia-Robles is VACATED as procedurally unreasonable and the case is REMANDED for resentencing."

[4] The interpretation of a mandate is a legal issue reviewed de novo. *Moore*, 131 F.3d at 598.

[5] *Jeross* is also distinguishable because, unlike Garcia-Robles, the *Jeross* defendants did not affirmatively *request* allocution. 521 F.3d at 585. Such a request is significant. In *Hill v. United States*, the Supreme Court held that "[t]he failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus." 368 U.S. at 428. However, in so holding, the Court noted that it was not confronted "with a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed." *Id.* at 429. Accordingly, the Supreme Court intimated that the *request* to allocute is to be treated differently than the mere failure to invite a defendant to speak, a difference which may have constitutional significance. Indeed, other circuits have held that when allocution is requested and thereafter denied, such a denial violates the Due Process Clause. *See Boardman v. Estelle*, 957 F.2d 1523, 1528-30 (9th Cir. 1992); *Ashe v. North Carolina*, 586 F.2d 334, 336 (4th Cir. 1978).

that upon resentencing, providing only a written opinion violates the "open court" requirement of § 3553(c)). We agree and hold that upon general remand, after a sentence is vacated on direct appeal, the district court must state the reasons underlying its sentence "in open court."

Compliance with § 3553(c) "is important not only for the defendant, but also for the public to learn why the defendant received a particular sentence." *United States v. Blackie*, 548 F.3d 395, 403 (6th Cir. 2008) (internal quotation marks and citation omitted). The "open court" requirement "'ensures that a defendant at the time of sentencing will know the grounds for an upward departure' and is not satisfied by a 'belated attempt . . . to correct [a] failure to provide a specific statement at the sentencing hearing' in a subsequently issued opinion." *United States v. Dawe*, 362 F. App'x 436, 439 (6th Cir. 2010) (unpublished) (quoting *United States v. Kincaid*, 959 F.2d 54, 55 (6th Cir. 1992)); *see also United States v. Fitzwater*, 896 F.2d 1009, 1012 (6th Cir. 1990) (noting that the "in open court" requirement is essential to a defendant's "decision on whether or not to appeal his sentence").

Logic dictates, if a resentencing hearing is mandatory upon a general remand following direct appeal, such a hearing must comply with the procedural demands of § 3553(c). While this court has not previously addressed whether the "open court" requirement is compulsory upon resentencing in any context, we have held that it is plain error not to announce in "open court" the reasoning underlying an initial sentence. *United States v. Grams*, 566 F.3d 683, 685-86 (6th Cir. 2009). Accordingly, we hold that such a statement is required upon resentencing as well.

VI.

This leaves us with the question of the appropriate remedy in this case. Reversal is not required if the errors at issue are harmless. *See United States v. Hasting*, 461 U.S. 499, 509 (1983) ("[It is] the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless[.]"). However, while prejudice is not presumed, *see United States v. Mosley*, 635 F.3d 859, 865 (6th Cir. 2011), it is the

government that bears the burden of proving that the defendant was not prejudiced, *United States v. Gibbs*, 182 F.3d 408, 437 (6th Cir. 1999).

Here, the government has failed to meaningfully assess the question of harmlessness. Indeed, the government addresses this issue with a single sentence in its brief, stating that "[e]rror is harmless if it is not clear beyond a reasonable doubt that the outcome would have been different absent the error in question, even where constitutional rights are in play." This conclusory statement, which does not analyze the facts presented in this case, is insufficient to demonstrate a lack of prejudicial error.

Given the government's failure to adequately address the issue of prejudice, we cannot hold the district court's errors to be harmless. Garcia-Robles has yet to have the opportunity to allocute regarding the district court's penchant to impose an upward variance, the very issue which required reversal by this court in 2009. Indeed, Garcia-Robles expressly *requested* the opportunity to be present and speak at a resentencing hearing, but this request was denied. In *United States v. Mosley*, we held that the failure to invite a defendant to allocute at resentencing was harmless error. 635 F.3d at 865-66. However, the defendant in *Mosley*, unlike Garcia-Robles, did not *request* an opportunity to speak. *Id.* As provided above, the Supreme Court has noted that the affirmative request to speak is an important distinction in the allocution context. *Hill*, 368 U.S. at 429.

While it appears that the district court believes an upward variance to be appropriate in this case, we will not assume that the court could not be persuaded by the words carefully chosen and presented by Garcia-Robles. *See Green*, 365 U.S. at 304 ("The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."). Accordingly, we hold that a reversal and remand for resentencing is required.

## VII.

Finally, Garcia-Robles requests that this matter be reassigned to a new district court judge for resentencing upon remand.

> [T]he principal factors considered . . . in determining whether further proceedings should be conducted before a different judge are 1) whether the original judge would reasonably be expected . . . to have substantial difficulty in putting out of his mind previously-expressed views or findings . . . 2) whether reassignment is advisable to preserve the appearance of justice, and 3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Bercheny v. Johnson*, 633 F.2d 473, 476-77 (6th Cir. 1980) (internal quotation marks and citation omitted). Here, such reassignment is unnecessary as there is no evidence in the record indicating that the district judge will have difficulty conducting de novo sentencing procedures. Accordingly, "we are satisfied that [the judge] will re-visit the matter with a completely open mind at the de novo resentencing that must now take place[.]" *Faulks*, 201 F.3d at 209.

## VIII.

In conclusion, we hold that upon a general remand for resentencing the defendant has a right to a plenary resentencing hearing at which he may exercise his right to be present and allocute. When a resentencing hearing is held, § 3553(c) requires the district court to state its reasons for the sentence "in open court." Accordingly, we VACATE Garcia-Robles's sentence as procedurally unreasonable and REMAND for a resentencing hearing in accordance with this opinion.[6]

---

[6]Because the district court's failure to provide a resentencing hearing requires remand, we do not address Garcia-Robles's alternative claims of error.