GWIN, District Judge,
dissenting.
The majority concludes that “by affirming Hunter’s other convictions and sentences, our earlier opinion specifically limited the scope of the remand to Hunter’s section 924(c) charge and the separate sentence he received on that count.” Maj. Op. at 4. Although a close call, and although the district court could reasonably believe we had limited the remand to the 924(c)(1) charge, I find no sufficiently specific limitation in our initial remand order. Because I believe our initial remand order was therefore a general remand, I respectfully dissent.
Under 28 U.S.C. § 2106, we may issue either a limited or general remand to the district courts. United States v. Moore (Moore III), 131 F.3d 595, 597 (6th Cir.1997). This Court has consistently held that to issue a limited remand, courts of appeal must “sufficiently outline the procedure the district court is to follow. The chain of intended events should be articulated with particularity.” United States v. *377 Campbell, 168 F.3d 263, 268 (6th Cir.1999); see also United States v. Garcia-Robles, 640 F.3d 159, 165-66 (6th Cir.2011). On sentencing matters in particular, we have instructed that “in light of the general principle of de novo consideration at resentencing, this court should leave no doubt in the district judge’s or parties’ minds as to the scope of the remand. The language used to limit the remand should be, in effect, unmistakable.” Campbell, 168 F.3d at 268; see also United States v. Gibbs, 626 F.3d 344, 350-51 (6th Cir.2010) (same).
Our initial remand order here vacated Hunter’s 18 U.S.C. § 924(c)(1) conviction and sentence, and it affirmed his other convictions and sentences. United States v. Hunter, 558 F.3d 495, 499 (6th Cir.2009). But it also closed with general boilerplate language remanding “for such further proceedings consistent with this opinion as are necessary.” Id. Even when read in the context of our entire opinion, I do not find that this language articulates a limiting framework in the “unmistakable” terms necessary to conclude, as the majority does, that the remand was a limited one.[1] See Gibbs, 626 F.3d at 350-51 (finding a general remand where, “although we identified a discrete sentencing issue that required remand, our opinion did not articulate a framework for the proceedings on remand or otherwise limit the district court’s inquiry to that issue in unmistakeable terms.”). Because our initial remand order was ambiguous as to its intended scope, it is presumptively a general remand. See Garcia-Robles, 640 F.3d at 166 (“Accordingly, when no express limitations are given, a remand is presumed to be general.” (citing Moore III, 131 F.3d at 598)); see also Campbell, 168 F.3d at 268 (same).
Moreover, this Court’s recent holding in United States v. Garcia-Robles dictates that where, as I believe is the case here, a defendant’s sentence is vacated on direct appeal and a general remand order is issued, the defendant has a right to be present and reallocute at resentencing. 640 F.3d at 164-65, 165-66. Despite his request, Hunter did not receive the right to address the district court before resentencing, for whatever effect it might have had. The Supreme Court has held that district courts may consider post-sentencing rehabilitation in support of a downward variance from the advisory Federal Sentencing Guidelines range. Pepper v. United States, — U.S. —, 131 S.Ct. 1229, 1241, 179 L.Ed.2d 196 (2011). Similarly, as the Pepper Court noted, district courts may consider postsentencing conduct that supports a higher sentence at resentencing. Id. at 1229 (citing Wasman v. United States, 468 U.S. 559, 572, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984)).
The district court stated that it did not rely on Hunter’s § 924(c)(1) conviction when sentencing him on any other counts and that the absence of the § 924(c)(1) *378 conviction would not alter those other sentences. With the dismissal of the § 924(c)(1) count and given what I believe was a general remand, I believe the district court should consider Hunter’s statements but would also be free to consider a correctly calculated Guidelines recommended range.[2] Here, there is no indication that the district court considered any post-sentencing factors relevant to a downward variance or an increased sentence, which the parties may have presented at de novo resentencing, in reaching this conclusion.
Because I find the language of our initial remand order insufficient to create a limited remand, and because our general remand accordingly granted Hunter the right to reallocute at resentencing, I would remand for de novo resentencing.

. The majority relies on Moore III to support its conclusion that our initial remand here was a limited one. After vacating and remanding the defendant’s § 924(c)(1) conviction in that case, we faced a similar challenge to the scope of our remand. As the majority correctly explains, we found that the district court had exceeded the scope of the remand order in United States v. Moore (Moore II), 76 F.3d 111 (6th Cir.1996), which did not permit the district court to resentence the defendant on anything other than the § 924(c)(1) conviction. In that case, however, we issued a remand order that did specifically limit the scope of remand: "We ... REMAND for further proceedings, in which both parties can have the opportunity to focus on the facts and law relevant to proving that Moore used or carried a firearm during and in relation to his drug trafficking offense." Moore II, 76 F.3d at 114. We did not set forth similar guidance for the district court’s proceedings on remand here.

. Because of the § 924(c)(1) conviction, the District Court had not originally determined whether Hunter should receive a two level increase in his Guidelines calculation under U.S.S.G. § 2D1.1.