**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0652n.06

No. 08-1272

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Sep 06, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff–Appellee,** | ) |
| | ) |
| | ) **ON APPEAL FROM THE UNITED** |
| **v.** | ) **STATES DISTRICT COURT FOR THE** |
| | ) **EASTERN DISTRICT OF MICHIGAN** |
| **ALONZO D. CAMPBELL,** | ) |
| | ) |
| **Defendant–Appellant.** | ) |
| | ) |

Before: GIBBONS, ROGERS, and COOK, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant–appellant Alonzo D. Campbell pled guilty to distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Campbell appeals his sentence of 240 months' imprisonment, arguing that it is both procedurally and substantively unreasonable. For the following reasons, we affirm Campbell's sentence.

I.

On December 11, 2006, after Alonzo D. Campbell left the residence of his girlfriend, an undercover officer purchased over 3.35 grams of cocaine powder from Campbell. On December 14, 2006, an officer made a second controlled buy of 5.07 grams of cocaine base from Campbell at Campbell's mother's home. Search warrants were obtained and executed, and on December 15, 2006, police searched the homes of Campbell's girlfriend and his mother. At his girlfriend's home,

-1-

police found a small quantity of marijuana, a digital scale, 19.6 grams of cocaine, and a picture of Campbell. Campbell's girlfriend denied that the cocaine was hers and stated that Campbell previously had a key to her apartment. At his mother's home, police found a stolen, 9-mm pistol with an obliterated serial number, a small quantity of marijuana, $40 in cash, seventy-two ziploc baggies, two digital scales, and a hand-held scale.

On January 24, 2007, an indictment returned charging Campbell with distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); maintaining a drug house, in violation of 21 U.S.C. § 856(a)(1); being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1); possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k); and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).

On January 29, 2007, an information returned and pleas of not guilty were entered on behalf of Campbell. Campbell subsequently entered a plea of guilty to Count 2 of the indictment, charging him with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Pursuant to the plea agreement, the parties stipulated that, for purposes of sentencing, Campbell was accountable for drug amounts within the range of five to twenty grams of cocaine base, which made him subject to penalties under 21 U.S.C. § 841(b)(1)(B)(iii) and subject to a base offense level of 26 pursuant to U.S.S.G. § 2D1.1(c)(7).[1] The parties also stipulated that Campbell is a career offender under the

---

[1]The plea agreement misstated this provision as U.S.S.G. § 2D1.2(c)(7).

provisions of U.S.S.G. § 4B1.1. They stipulated that Campbell possessed a dangerous weapon during the commission of the offense and is accordingly subject to a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). The government recommended a reduction of three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). The agreed-upon Guidelines range was 262–327 months, and the government agreed not to object to Campbell's request for a departure or variance "such that the sentence imposed is the statutory mandatory minimum of 120 months['] [imprisonment]."

The presentence report ("PSR") prepared by a probation officer confirmed the agreed-upon Guidelines range and reiterated the government's agreement not to object to a sentence of 120 months' imprisonment. Of the eleven juvenile adjudications and adult convictions listed in the PSR, only five contributed points to Campbell's criminal history calculation. The juvenile adjudications included an attempt to steal property, domestic violence, possession and use of tobacco by a minor, being a minor in possession of alcohol, attempted possession with intent to deliver marijuana, use of marijuana, and malicious destruction of property. His adult convictions included malicious destruction of personal property, being a disorderly person and gambling, being a minor in possession, delivery or manufacture of marijuana, and delivery of cocaine.

The district court held a sentencing hearing on February 13, 2008. During the sentencing hearing, defense counsel provided the court with a four-page psychological report prepared by Dr. Patrick K. Ryan, licensed psychologist and neuropsychologist and certified alcohol and drug counselor. The district court noted that it had not previously reviewed the report and thus took a brief recess to review the report. The report described Campbell as having a history of substance

abuse, as well as concurrent mood instability and anxious episodes. The report concluded by diagnosing Campbell with Bipolar Disorder II and an unspecified anxiety disorder. After reviewing the report and resuming the sentencing hearing, the court entertained allocution from the parties, and the government declined to add anything followings statements from the defense.

The district court stated the following in pronouncing its sentence:

> [O]ne significant factor in the series of events that have brought this gentleman here is likely the fact of his confrontation with mental health issues.
>
> There's nothing about the report that would suggest to the court that they are mental health issues with the gravity that's significantly different from many people who have not acted out in a way that has brought him the level of criminal history that this gentleman represents.
>
> There is, in the court's judgement, a predicate for the court's exercise of some level of discretion under 3553(a) for a downward departure from the guidelines that are calculated in the case. I'm satisfied the mental health issues provide that.
>
> Notwithstanding that fact, this gentleman presents, in the court's judgment, a risk to the general public because of his inability to discipline any part of the exercise of his life. He presents with some seven convictions, some three dependents in less than a period of three years and no record at this point of an ability to discipline himself and to grasp the gravity of the mental health issues that he faces.

After noting that it had conducted "separate consideration of the factors . . . under . . . 18 USC Section 3553(a)," the district court then imposed a sentence of 240 months' imprisonment in "an institution with a comprehensive drug treatment program as well as a mental health treatment program," with a number of other conditions regarding drug testing. Following the imposition of the sentence, the court addressed the defense counsel and inquired, "any questions or objections concerning the terms of the sentencing?" The defense responded, "[n]o questions."

The district court's Statement of Reasons noted that it sentenced Campbell below the advisory Guidelines range. It further explained:

-4-

> [Campbell's] motion for a variance, unopposed by the government, requested a sentence of 120 months. However, [Campbell] is a risk to the community. [Campbell] is unable to maintain self-control, as evidenced by his ongoing criminal record, and the fathering of three children in less than two years. The defendant is young, and has mental health and substance abuse problems that need to be addressed with treatment. The [c]ourt determines that the sentence imposed appears to be adequate for purposes of punishment, deterrence and rehabilitation.

Campbell timely filed his notice of appeal on February 22, 2008.

II.

We review the district court's sentencing determination for reasonableness under a deferential abuse of discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). We review both the procedural and substantive reasonableness of a sentence. *Id.* Campbell challenges his sentence as both procedurally and substantively unreasonable.

A.

If a defendant has been provided an opportunity to object to a procedural error in sentencing and the defendant fails to object, we review the procedural reasonableness of the sentence for plain error, not an abuse of discretion. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008). The district court must, however, provide the defendant with an opportunity to object by "ask[ing] the parties whether they have any objection to the sentence just pronounced that have not previously been raised." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). If the district court does not provide this opportunity, we review for an abuse of discretion. "A district court can satisfy the requirements of the *Bostic* rule only by clearly asking for objections to the sentence that have not previously been raised . . . ." *United States v. Clark*, 469 F.3d 568, 570 (6th Cir. 2006). In the

present case, the district court asked Campbell's counsel if there were "any questions of objections concerning the terms of the sentencing." The district court then asked the government's counsel whether she had "any questions or objections." We need not determine whether this question was sufficient to provide an opportunity to object consistent with the *Bostic* inquiry because our decision remains the same under both plain error and abuse of discretion standards of review.

In reviewing the procedural reasonableness of a sentence, we must ensure that the district court "correctly calculat[ed] the applicable Guidelines range," that the district court "gave both parties the opportunity to argue for whatever sentence they deem appropriate and then consider all of the § 3553(a) factors to determine whether they support the sentence requested by [each] party," and that the district court "adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Bolds*, 511 F.3d at 579–80 (internal quotation marks omitted). Campbell argues that the district court made three procedural errors with respect to his sentence: (1) the district court erred in failing to acknowledge Campbell's non-frivolous arguments for a lesser sentence; (2) the district court failed to consider the § 3553(a) factors and explain the chosen sentence; and (3) the district court failed to state specific reasons supporting Campbell's 240-month sentence.

1.

First, Campbell argues that his sentence is procedurally unreasonable because the district court failed to acknowledge two non-frivolous arguments in favor of a lesser sentence. Campbell's argument is that the court failed to effectively consider and respond to (1) the fact that the government did not object to a request for a 120-month sentence and (2) the severity of Campbell's

mental health issues. During the sentencing hearing, Campbell's counsel argued that given the "lack of objection on the part of the government to a minimum term of sentence . . . of 120 months" and given Campbell's mental health, a sentence below the Guidelines range was appropriate.

In Campbell's plea agreement, the parties agreed upon a Guidelines range of 262 to 327 months' imprisonment. The PSR contemplated the same range. Additionally, in the plea agreement, the government stipulated that it did not object to the district court's granting a departure or a variance from the Guidelines range "such that the sentence imposed is the statutory mandatory minimum of 120 months." During the sentencing hearing, Campbell's counsel reiterated this fact and further argued that Campbell was a candidate for such a variance and the court was empowered to grant such a variance. The district court never specifically mentioned in court that the government did not object to imposing a lesser sentence than the Guidelines range.

During the sentencing hearing, Campbell presented Dr. Ryan's report detailing his mental health issues. The district court stated that it had not previously reviewed the report. Thus, the district court announced that it would take a "four or five minute[]" recess "in order . . . to have a brief opportunity to digest the report." After reviewing the report, the district court stated that it "had an opportunity to review the report." Later, before pronouncing Campbell's sentence, the district court noted that "one significant factor" in its consideration was Campbell's "confrontation with mental health issues." The district court then found that there was nothing in the report that suggested that Campbell's mental health issues were significantly grave as to set him apart from others with lesser criminal histories. On the other hand, the district court noted that Campbell's mental health served as a "predicate for the court's exercise of some level of discretion . . . for a

downward departure." The district court went on to discuss the reasons supporting the imposition of a 240-month sentence, which was below the Guidelines range but above the mandatory minimum.

In order to be procedurally reasonable, the district court must "adequately articulate[] its reasoning for imposing the chosen sentence, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range." *United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009). "Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments. Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Rita v. United States*, 551 U.S. 338, 357 (2007). But, "a district court's failure to address each argument . . . head-on will not lead to automatic vacatur if the context and the record make the court's reasoning clear." *Petrus*, 588 F.3d at 352 (internal quotation marks omitted).

In this case, although the district court did not specifically mention the fact that the government agreed not to object to a sentence of 120 months' imprisonment, it did consider and address Campbell's argument that his mental health issues warranted a lower sentence. Campbell cites a number of cases in which, upon review of a sentence, we could not tell whether the district court considered a request for a variance. *See United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010) (vacating and remanding for resentencing because the district court "was completely non-responsive" to defendant's argument for a lesser sentence comparable to that of her co-conspirator); *United States v. Stephens*, 549 F.3d 459, 467 (6th Cir. 2008) (finding a sentence procedurally unreasonable because the district court made mention only of defendant's "departures" but made no

mention of defendant's arguments for a "variance"); *see also United States v. Swift*, 357 F. App'x 489 (3d Cir. 2009) (reversing and remanding for resentencing because the district court failed to acknowledge the government's motion for a downward departure). But the district court here was not "completely non-responsive" to Campbell's arguments for a lesser sentence. The district court took a recess to read the psychologist's report, explicitly considered Campbell's mental health in the pronouncement of its sentence, and specifically referred to its discretion to sentence Campbell below the Guidelines due to this factor.

Additionally, although the district court did not mention the government's agreement to object to a lesser sentence of 120 months' imprisonment, this issue was not presented as an independent argument for a lesser sentence. For instance, in *Wallace*, the defendant's counsel clearly asked the district court to consider that the defendant's Guidelines range was "double or triple" that of her co-defendant's sentence and, furthermore, asked the "the Court to use its wisdom in sentencing [the defendant]—in light of . . . [her co-conspirator's] . . . lesser sentence." 597 F.3d at 803. The government's agreement not to object merely buttressed Campbell's overall argument that he was entitled to a lesser sentence and was not a distinct argument for a lesser sentence that the court was required to address.

We therefore conclude that the district court did not procedurally err in sentencing Campbell because it thoroughly considered Campbell's arguments in favor of a lesser sentence.

2.

Second, Campbell argues that the district court failed to consider the § 3553(a) factors and failed to adequately explain its chosen sentence. Third, Campbell argues that the district court failed

to state specific reasons supporting Campbell's 240-month sentence as required under § 3553(c)(2). These arguments are premised on the same allegations of error.

The § 3553(a) factors include the nature and circumstances of the offense and history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the kinds of sentence and sentencing range established for the defendant, pertinent policy statements, the need to avoid unwarranted sentencing disparities among similarly situated defendants, and the need to provide restitution. 18 U.S.C. § 3553(a)(1)–(7). Additionally, Section 3553(c)(2) states: "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . is outside the range . . . the specific reason for the imposition from the sentence different from that described, which reasons must also be stated with specificity in a statement of reasons . . . ."

Campbell relies on our decision in *United States v. Thomas* to argue that "generally not[ing] 'the defendant's background and behavior in this particular case'" and making "a conclusory reference to 'considering the additional factors contained within . . . [§] 3553(a)'" are insufficient to allow the appellate court meaningful review of the district court's consideration of those factors. 498 F.3d 336, 340 (6th Cir. 2007). This case, however, is distinguishable.

In *Thomas*, the defendant raised a number of arguments in favor of a lesser sentence that the district court failed to address. We have already concluded that the district court adequately addressed Campbell's arguments for a lesser sentence. Additionally, the district court recognized that those arguments justified a lesser sentence than the Guidelines range. The district court found that Campbell's mental health issues detailed in the report were not significantly grave, but they did

provide for "some level of discretion . . . for a downward departure from the guidelines." The district court's Statement of Reasons also acknowledged Campbell's "motion for a variance, unopposed by the government," that requested a 120-month sentence but rejected that full variance due to the § 3553(a) factors .

Regarding the § 3553(a) factors, the district court went beyond its blanket statement that it engaged in "separate consideration of the factors that are the directives under Title 18 USC Section 3553(a)." The district court specifically noted that Campbell "is 23 years old and has qualified as a career offender under the guidelines." *See* 18 U.S.C. § 3553(a)(1). The district court mentioned Campbell's "risk to the general public because of his inability to discipline any part of the exercise of his life." *See id.* § 3553(a)(1), (2). The district court also made note of Campbell's criminal history including "some seven convictions." *See id.* § 3553(a)(1). Furthermore, the district court designated Campbell "to an institution with a comprehensive drug treatment program as well as a mental health treatment program." *See id.* § 3553(a)(2)(D).

We conclude that the district court thoroughly considered the § 3553(a) factors and adequately explained the reasons behind its imposition of the 240-month sentence.

B.

Campbell next challenges the substantive reasonableness of his sentence. Because we conclude that the district court has not committed procedural error, we review the substantive reasonableness of Campbell's sentence, which is always reviewed for an abuse of discretion. *Gall*, 552 U.S. at 51. We will find a sentence to be substantively unreasonable only if the district court selected the sentence arbitrarily, based the sentence on impermissible factors, or gave an

unreasonable amount of weight to a single permissible factor. *See United States v. Brown*, 579 F.3d

672, 677 (6th Cir. 2009). Though a sentence within the Guidelines is presumptively reasonable, we

may not hold that a sentence is presumptively unreasonable simply because it falls outside of the

Guidelines. *Gall*, 552 U.S. at 51. Instead, we "may consider the extent of the deviation, but must

give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the

extent of the variance. The fact that [we] might reasonably have concluded that a different sentence

was appropriate is insufficient to justify reversal of the district court." *Id.*

Campbell argues that his sentence is substantively unreasonable because the 240-month

sentence is "far greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2)."

Campbell argues that the totality of the circumstances compels a lesser sentence. According to

Campbell, those circumstances include:

> the disparity between the original Guidelines range of 84–105 months and the career
> offender range of 262 to 327 months; [] Campbell's history of bi-polar disorder and
> drug addiction; [] Campbell's age and the fact that the offenses that triggered the
> career offender designation occurred when he was very young; the small quantity of
> the drug involved; and [] Campbell's parole violation, which resulted in additional
> incarceration for which he was given no credit.[2]

The district court placed reasonable weight on the 3553(a) factors in sentencing Campbell. It chose

to rely on the career offender range because of Campbell's extensive criminal history at such a young

age. The district court considered Campbell's mental health and substance abuse issues and varied

downward from the Guidelines range in order to account for those issues. Additionally, the amount

---

[2]Campbell also suggests that it is an odd coincidence that the ultimate sentence imposed was exactly double the mandatory minimum and this suggested the sentence was arbitrarily selected. We find no merit in this argument.

of drugs involved in the crime was accounted for in the original Guidelines range. Because the district court did not select Campbell's sentence arbitrarily, base his sentence on impermissible factors, or give an unreasonable amount of weight to any single factor, *Brown*, 579 F.3d at 677, there was no substantive error in the sentence.

III.

For the foregoing reasons, we affirm Campbell's sentence as both procedurally and substantively reasonable.