**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0750n.06

No. 09-6237

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 07, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| RICARDO NAVARRETE, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: NORRIS, SUTTON, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Ricardo Navarrete, Jr. challenges the procedural reasonableness of his sentence, arguing that the district court failed to give sufficient reasons for rejecting his purported request for a variance based on his age. Finding no error, we affirm.

I.

Defendant Navarrete pleaded guilty to conspiracy to possess with the intent to distribute not less than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). In its Presentence Investigation Report ("PSR"), the probation department calculated a base offense level of thirty-six. The offense level was increased by two because Navarrete possessed a dangerous weapon during the offense. Navarrete received an additional three-level increase because of his role as a manager or supervisor. He then received a three-level reduction for acceptance of responsibility.

His adjusted offense level of thirty-eight, combined with his criminal history category of II, yielded an advisory sentencing range of 262 to 327 months' imprisonment.

Navarrete filed a response to the PSR. He challenged the application of the two enhancements, arguing that they could not be applied because the underlying conduct was neither charged nor conceded. The response twice mentioned Navarrete's age – twenty-four at the time of sentencing – once while arguing against the application of role enhancement, and again in the concluding paragraph, stating: "Defendant request [sic] that the Court consider the above objections as well as Defendant's young age." Navarrete asked for a sentence "at the low end of the guidelines after subtracting the 2 level increase pursuant to U.S.S.G. Section 2D1.1(b)(1) and the 3 level increase pursuant to U.S.S.G. Section 3B1.1.(b) [sic]."

At sentencing, the government offered testimony supporting the enhancements. Navarrete reiterated his position that the enhancements should not be applied because the underlying conduct was neither charged nor conceded. Counsel again obliquely referenced Navarrete's age in discussing the role enhancement. The court overruled Navarrete's objections and calculated his advisory sentence range at 262 to 327 months.

Navarrete's counsel asked for a sentence of 151 months, which was the low end of the Guidelines as he had calculated them:

> Your Honor, these five points give this man, 23 years old, arising [sic] sentence of ten years. Okay. The statute is ten to 40 or ten to life. I do not see that the guidelines being advisory that we should give this man ten years more than he would get without these five points.
>
> And, you know, and – are we punishing people just to be punishing people?

I mean, a sentence of ten years or the lower end of the guidelines, as I figured them out in my objections, it – it satisfies all the elements of the statute as – as to sentencing and punishment. So, you know, it just galls me to see that this man gets an additional ten [years] for something that is not pled to or charged conduct.

And later: "Also, Your Honor, whatever sentence the court decides, I ask that the court sentence at the low end of the guidelines, and also ask the court not to impose a fine since he does not have the money to pay a fine."

The district court sentenced Navarrete to 262 months' imprisonment, at the low end of the Guidelines. Navarrete timely appealed.

## II.

"We review a district court's sentencing decision for reasonableness, which has both procedural and substantive components." *United States v. Garcia-Robles*, 640 F.3d 159, 163 (6th Cir. 2011) (internal citation omitted). A sentence may be procedurally unreasonable if "'the district court . . . fail[s] to adequately explain the chosen sentence.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Navarrete contends that his sentence is procedurally unreasonable "because the district court failed to explain why it [chose] the 262 month sentence versus" the sentence of 151 months Navarrete requested on account of his "young age."

## A.

We consider first our standard of review. Generally, "[w]e review the district court's sentencing decisions for reasonableness under an abuse-of-discretion standard." *United States v. Wettstain*, 618 F.3d 577, 591 (6th Cir. 2010). The government, however, insists that we apply plain-

error review because Navarrete failed to raise this procedural challenge before the district court, despite an opportunity to do so.  *See* Fed. R. Crim. P. 51(b).

"In *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), we wrestled with the difficulty of 'parsing a [sentencing] transcript to determine whether . . . a party had a meaningful opportunity to object' and of determining whether plain-error review should apply."  *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc) (quoting *Bostic*, 371 F.3d at 873 n.6) (alteration and ellipsis in original).  There, we announced a procedural rule that requires district courts, "after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." *Bostic*, 371 F.3d at 872.  If not provided with this opportunity to object, a party who fails to make a new objection at sentencing does not forfeit the objection and need not demonstrate plain error on appeal.  *Id.*  We further clarified in *United States v. Clark*, 469 F.3d 568 (6th Cir. 2006), that "[a] district court can satisfy the requirements of the *Bostic* rule only by clearly asking for objections to the sentence that have not been previously raised . . . ."  *Id.* at 570.

Applying *Bostic*, we have found that a district court's question, "Anything else, [defense counsel]?" does not provide a meaningful opportunity to object and, thus, does not trigger plain-error review.  *Id.* at 570-71; *see United States v. Gapinski*, 561 F.3d 467, 473-74 (6th Cir. 2009) (holding that the district court's question, "Anything else for the record, [defense counsel]?" was insufficient under *Bostic*); *United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007) (similar question insufficient); *see also United States v. Campbell*, No. 08-1272, 2011 WL 3890309, at \*3 (6th Cir.

Sept. 6, 2011) (declining to decide whether plain-error review applied where district court "asked [defense] counsel if there were 'any questions [or] objections concerning the terms of the sentencing" because "our decision remains the same under both plain error and abuse of discretion standards of review").

After imposing Navarrete's sentence, the district court asked, "Are there any questions about the sentence?" to which defense counsel responded, "Nothing from us, Your Honor." Navarrete contends that the form of the district court's question did not satisfy *Bostic* because counsel was asked only if he had any "questions," not "objections." While there is authority that undermines Navarrete's argument, *see United States v. Wilson*, 232 F. App'x 540, 545 (6th Cir. 2007) (finding that the question, "Now, are there any questions regarding the sentence that I have imposed?" was sufficient under *Bostic*), we need not decide whether the district court's question was sufficient, for we find that Navarrete's challenge to his sentence fails even under the less deferential abuse-of-discretion standard of review.

## B.

"Although Congress requires a court to give 'the reasons' for its sentence, 18 U.S.C. § 3553(c), it does not say that courts must give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Vonner*, 516 F.3d at 387. The law encourages district court judges to give "reasoned" explanations for their sentencing decisions, but "the law leaves much, in this respect, to the judge's own professional judgment." *Id.* (citation, internal quotation marks, and alteration omitted). "That flexibility is particularly relevant when the district court agrees with the

Sentencing Commission's recommendations." *Id.* In such cases, the district judge need not provide a "lengthy explanation" because "[c]ircumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case." *Rita*, 551 U.S. at 356-57. For within-Guidelines sentences, "the question is whether the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them into account in sentencing him." *Vonner*, 516 F.3d at 387 (citation, internal quotation marks, and alteration omitted).

At sentencing, the district judge never expressly addressed Navarrete's purported request for an age-based variance. The reason is obvious: not once did Navarrete clearly present any argument for a variance based upon his age.[1] His age was mentioned both in his written response to the PSR and at sentencing only in passing, and only in connection with requests that the enhancements not be applied and that he receive a sentence at the low end of the Guidelines range. As Navarrete's counsel emphasized at sentencing, the "thrust" of his argument for a lower sentence was that it was unfair to hold Navarrete responsible for conduct not charged or conceded. Accordingly, the district

---

[1]To the extent Navarrete requested a variance *at all* (instead of simply asking that the court not apply the two enhancements), the request was predicated on his view that a sentence at the low end of the Guidelines, as he calculated them, "satisfie[d] all the elements of the statute . . . as to sentencing and punishment." He did not elaborate. The district court disagreed by stating that "this offense requires a serious[] sentence," implying that it found Navarrete's requested sentence of 151 months insufficiently serious to accomplish the goals of sentencing. We find the explanation sufficient, brief as it was, given the conceptual simplicity of Navarrete's argument. *See Vonner*, 516 F.3d at 388.

court was never presented with a clear request that it vary downward from the Guidelines because of Navarrete's relatively young age. A district court judge need only speak to those arguments that are "clearly presented and in dispute" when imposing a sentence. *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009); *see, e.g.*, *United States v. Martinez*, No. 06-4407, 2011 WL 3289597, at *7 & n.10 (6th Cir. Aug. 2, 2011) (finding that district court did not err by not addressing a purported request for variance based on the defendant's medical condition, where the defendant did not raise any medical condition in arguments at sentencing, let alone present any explanation for why his medical condition warranted a lower sentence). Therefore, the district court's failure to address Navarrete's purported request for a below-Guidelines sentence based on his age does not render his sentence procedurally unreasonable.

Navarrete also argues briefly that the district court's failure to address the need to avoid unwarranted sentence disparities, *see* 18 U.S.C. § 3553(a)(6), renders his sentence procedurally unreasonable. *See Garcia-Robles*, 640 F.3d at 163. But Navarrete made no argument at sentencing regarding national disparities, *see United States v. Simmons*, 501 F.3d 620, 625 (6th Cir. 2007) ("The district judge is only under a more rigorous duty to make explicit its consideration of the factors when a defendant makes a particular argument and when a factor is particularly relevant." (internal citations omitted)), and we have "never required the 'ritual incantation' of the [§ 3553(a)] factors to affirm a sentence," *see United States v. Phillips*, 516 F.3d 479, 488 (6th Cir. 2008) (quoting *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006)). Nor can Navarrete show that the district court ignored this factor in sentencing, *see Simmons*, 501 F.3d at 625-26, because the district

court determined Navarrete's sentencing range under the Guidelines, *see id.* ("Indeed, here it is clear that the district judge did consider national uniformity because the judge determined what the Sentencing Guidelines range would be, a guidelines range that considers the criminal conduct at issue as well as the criminal history of the defendant.").

Because the district court gave a sufficient explanation for its sentence, we conclude that Navarrete's sentence is procedurally reasonable.

III.

For these reasons, we affirm.